IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13CV221-MU

| OTIS L. TISDALE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ENTERPRISE LEASING COMPNAY-SOUTHEAST, LLC D/B/A ENTERPRISE RENT-A-CAR, | ) | |
| Defendant. | ) | |

This matter is before the court upon the Defendant's Motion to Dismiss Plaintiff's Second Compliant.[1] Plaintiff responded to Defendant's Motion on May 24, 2013 and Defendant filed a Reply on June 5, 2013.

The *pro se* Plaintiff, an employee of Enterprise Leasing Company-Southeast, LLC d/b/a Enterprise Rent-A-Car ("Enterprise"), alleges that the Defendant engaged in discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Defendant has moved to dismiss Plaintiff's retaliation claim pursuant to Rule 12(b)(6) and Plaintiff's discrimination and harassment claims pursuant to Rule 12(b)(1).

**FACTUAL BACKGROUND**

Plaintiff filed his EEOC Charge on August 11, 2011 and received his Notice of Right to Sue ("Right to Sue") letter on April 24, 2012. Plaintiff then filed his first Complaint on July 19,

---

[1] Plaintiff's First Complaint was filed on July 19, 2012. Defendant, Enterprise Holdings, filed a Motion to Dismiss on October 25, 2012, pursuant to Rule 12(b)(1), on the grounds that the Court lacked subject matter jurisdiction over the action because Enterprise Holdings was not Plaintiff's employer. Defendant also moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The Court granted Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and dismissed Defendant's Rule 12(b)(6) Motion to Dismiss as moot on November 28, 2012.

1

2012, and did not file any other documents with the Court until filing his Second Complaint on April 8, 2013.  Plaintiff filed his Second Complaint on the complaint form for *pro se* litigants and checked the boxes beside the words "[t]ermination of employment," [d]emotion," [s]exual harassment," "[g]eneral harassment," and "[o]ther acts."  (Doc. No. 1, Pl.'s Compl. at ¶ C5.)  When asked to specify these "[o[ther acts," Plaintiff wrote: "Retaliation for filing a claim with EEOC."  (*Id*.)  In addition, when instructed to check boxes to indicate the bases on which he believed he was discriminated, Plaintiff checked the boxes beside race, color, sex, and age.  (*Id*.)  Plaintiff further alleges that "On 6/9/11 between 1:00 pm – 1:30 pm I was assaulted by Ashley Blaire an Enterprise Management Trainee," and "On 6/15/11 between 10:00 am – 11:00 am I was called a stupid 'N' word by Antoinette Pone an Enterprise Management Trainee."  (*Id*. at ¶ D1.)

**MOTION TO DISMISS STANDARD**

In considering a motion to dismiss, the court must view the compliant in the light most favorable to the plaintiff, and accept as true all well-pleaded allegations.  *Randell v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action where the plaintiff fails to state a claim upon which relief can be granted.  A plaintiff must allege facts in the plaintiff's complaint that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the court held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (citing *Twombly*, 550 U.S. at 570).  A claim is plausible on its face "when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949.

Detailed factual allegations are not required, but "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The court will dismiss the complaint when the allegations in a complaint do not "raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 554-56.

**DISCUSSION**

    a.    **Retaliation Claim**

Plaintiff alleges that he experienced retaliation in violation of Title VII for filing a claim with the EEOC. Defendant argues that Plaintiff's allegation is insufficient to state a claim for retaliation pursuant to Title VII.

To establish a *prima facie* case of retaliation under Title VII, the plaintiff has to show that: (1) he engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) a causal connection existed between the protected activity and the asserted adverse action. *Laughlin v. Metro Wash. Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998).

Defendant concedes that filing an EEOC charge constitutes protected activity. However, Plaintiff fails to allege that Enterprise took adverse employment action against him or that a causal connection existed between the protected activity and the asserted adverse action. Although Plaintiff checked the box on the form complaint indicating that "termination" was one of the grounds for his suit, Plaintiff does not allege facts to show he was actually terminated (as opposed to resigning), nor does he make clear what adverse action constitutes the retaliation.[2]

---

[2] In his "Reply," which was filed simultaneously with his Complaint, Plaintiff alleges that his work hours were reduced for filing an EEOC claim on August 15, 2011. However, Plaintiff's Reply is not considered because a court reviewing a complaint under Rule 12(b)(6) does not consider factual matters included only in legal briefs and memoranda and not included in the complaint. *See Jones v. Penn Nat. Ins. Co.*, 835 F. Supp. 2d 89, 94 (W.D.N.C. 2011). Even if Plaintiff's Reply were treated as an attachment or exhibit to his Complaint, a court may consider documents attached to the complaint only if "they are integral to the complaint and authentic." *Phillips v. Pitt Country Mem'l Hosp.*, 572 F.3d 176, 189 (4th Cir. 2009). "To be classified as integral, the attached document must 'be central or integral to the claim in the sense that its very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Mozingo v. Orkin, Inc.*, 2011 WL 845896 at *4 (E.D.N.C. 2011) (quoting *Walker*

Furthermore, Plaintiff does not provide any facts to demonstrate a causal connection between his protected activity and any alleged adverse action. For example, Plaintiff does not identify when he filed his EEOC Charge, what allegations he included in that Charge, or who knew about the Charge; nor does he attach the Charge or any other documentation providing factual support for his retaliation claim.

When asked to identify the discriminatory acts forming the basis of his suit, Plaintiff states only: "Retaliation for filing a claim with EEOC." (Doc. No. 1, Pl.'s Compl. at ¶ C5.) Plaintiff cannot allege a claim for retaliation merely by stating his belief that he experienced retaliation. *Fair v. Gaston County Family YMCA*, 2012 WL 3019931 at *3 (W.D.N.C. 2012) (stressing that "conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6)"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, a complaint will not survive Rule 12(b)(6) review where it contains "'naked assertion[s] devoid of further factual enhancement.'" *Miller v. Ingles*, 2009 WL 4325218 at *5 (W.D.N.C. 2009) (quoting *Twombly*, 550 U.S. at 557). Plaintiff's single, conclusory statement is the only mention of retaliation in Plaintiff's Complaint and is insufficient to state a claim for retaliation. Therefore, Plaintiff's retaliation claim does not survive Defendant's Motion to Dismiss.

### b. Discrimination and Harassment Claims

Plaintiff alleges that Defendant discriminated against him on the basis of race, sex and age and that he was harassed and subjected to a hostile work environment. Defendant argues

---

*v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). Plaintiff's Reply merely seeks to add additional factual allegations not included in the Complaint and therefore does not meet this test.

that the Court lacks subject matter jurisdiction to hear Plaintiff's discrimination and harassment claims because they are time-barred.

"Title VII allows an aggrieved party 90 days after receipt of a 'right to sue' letter from the EEOC to file a civil action." *Scott v. Potter*, 2008 WL 2893150 at *3 (W.D.N.C. 2008). "[T]he right to bring suit under Title VII is lost, absent grounds for equitable tolling, by a failure to file within the ninety-day period following receipt of the EEOC's right to sue letter…." *Perry v. Accurate Staffing Consultants, Inc.*, 2010 WL 2650881 at *1 (W.D.N.C. 2010) (internal citations and quotation marks omitted).

Plaintiff filed his EEOC Charge on August 1, 2011 and received his Right to Sue letter on April 24, 2012. Plaintiff then filed his first Complaint on July 29, 2012, which was dismissed on 12(b)(1) grounds, and failed to file anything else with the Court until his Second Complaint on April 8, 2013. Plaintiff's Second Compliant was filed almost a full year after he received his "Right to Sue" letter and alleges the exact claims asserted in his First Complaint and in his August 11, 2011 EEOC Charge. Therefore, because Plaintiff filed his Second Complaint more than 90 days after receiving his "Right to Sue" letter, all of his discrimination and harassment claims are time-barred.

The fact that Plaintiff filed a previous Complaint within the ninety day period does not alter this result. Plaintiff's previous Title VII claims were dismissed without prejudice and "a Title VII complaint that has been filed but then dismissed without prejudice *does not toll* the 90-day limitations period."[3] *Angles v. Dollar Tree Stores, Inc.*, 494 Fed. Appx. 326, 329 (4th Cir.

---

[3] The Court dismissed Plaintiff's previous discrimination and harassment claims for lack of subject matter jurisdiction. Pursuant to Rule 41(b), this operated as a dismissal without prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – *except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.") (emphasis added); *Beckworth v. Bizier*, 2013 WL 310065 at *1 n.1 (W.D.N.C. 2013) (explaining that unless dismissal order states otherwise, Rule 12(b)(1) dismissal is without prejudice).

2012) (emphasis added); *see also Graham v. Charlotte Observer*, 2009 WL 2045704 at *1 (W.D.N.C. 2009) (holding plaintiff not entitled to equitable tolling because "dismissal of a prior Title VII claim without prejudice does not toll the ninety-day limitations period"). Thus, the dismissal of Plaintiff's Title VII claims did not toll the 90-day limitations period and Plaintiff's claims are still time-barred.

    c.    **Plaintiff's Attempt to Amend Complaint is Futile**

Plaintiff's attempted Amendment to his Complaint includes some line-item allegations not contained in his prior pleadings and recounts the procedural history of his action against Defendant, but fails to request any actual relief from the Court. In addition, the allegations and factual statements in Plaintiff's attempted Amendment to his Complaint fail to meet the *Twombly* standard. Under Rule 15 of the Federal Rules of Civil Procedure, a motion to amend should be denied as futile if it cannot withstand a motion to dismiss. *See Nourison Rug Corporation v. Parviaian*, 535 F.3d 295, 298 (4th Cir. 2008) (*citing HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962), *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). As Plaintiff does not meet his burden to "plead causes of action that raise his right to relief above a speculative level," his attempted Amendment cannot withstand Defendant's Motion to Dismiss. Plaintiff's attempt to amend his Complaint is therefore futile and is denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Compliant is hereby GRANTED.

Signed: June 25, 2013

Graham C. Mullen
United States District Judge